## BERWALD et al. v. ALLEN A. CO.
### No. 10634.

Court of Civil Appeals of Texas. Dallas.
June 10, 1930.

LOONEY, J.

On August 20, 1924, Allen A. Company, a corporation, sued Julius Berwald, Ben L. Berwald, and Max Hermer, alleged partners composing the firm of Ben L. Berwald Shoe Company, to recover the sum of $250.72, the value of goods, wares, and merchandise alleged to have been sold and delivered by plaintiff to defendants. In an amended petition filed April 30, 1927, plaintiff brought forward its cause of action above described, and, in a second count, sought recovery on allegations, to the effect that, by operation of law, defendants became liable as partners because of fraudulent methods pursued by them in chartering the Ben L. Berwald Shoe Company, the entity to whom the goods were sold.

Defendants' answer contained a general denial, a sworn plea denying the existence of the alleged partnership, and a plea setting up two years' statute of limitation (Rev. St. 1925, art. 5526) to the new cause of action set up for the first time in the second count of the amended petition filed April 30, 1927.

Plaintiff met the plea of limitation by allegations to the effect that, the Ben L. Berwald Shoe Company (the corporation) having been adjudged a bankrupt by the United States District Court for the Northern District at Dallas, the defendants herein filed a petition in said court praying that plaintiff be restrained from prosecuting or taking any action in this suit until further orders of said court, and that, on notice of the pendency of said application being given attorneys for plaintiff, the parties agreed to stay said proceedings without prejudice, pending the final termination of the bankruptcy proceedings, which apparently took place in 1927.

The case came on for trial before the judge, without a jury, and resulted in judgment against defendants for $250.11, with 6 per cent. interest per annum from November 8, 1928, from which they appealed and by appropriate assignments and propositions have properly presented for consideration the questions discussed below.

One proposition urged by defendants is that the judgment is excessive and was not warranted by the findings made by the trial judge. This contention, in our opinion, is well taken. The judgment recites that plaintiff was entitled to recover the amount sued for ($250.72) with interest, less a credit of $137.89, received by plaintiff as a dividend from the bankrupt estate of the Ben L. Berwald Shoe Company; therefore, judgment should not have been rendered in any event for more than $112.83, with interest, but as a larger question is presented, the decision of which will, in our opinion, dispose of the entire case, the excessiveness of the judgment is immaterial.

Plaintiff wholly failed to establish the cause of action alleged in the first count of its petition, the proof being conclusive that its dealings were altogether with Ben L. Berwald Shoe Company, the corporation. The court below based the judgment for plaintiff on the second count, on the idea that the corporation was fraudulently organized by defendants, that it had no real, but maintained a fictitious existence, and by reason of these facts, defendants became and were partners as a matter of law, and as such were liable to plaintiff for the value of the goods sold to the corporation; and on further findings to the effect that plaintiff's cause of action was not barred by the two years' statute of limitation, because plaintiff had been enjoined at the suit of defendants from proceeding, or taking any action, in the suit, pending a decision of the bankruptcy matter, and also that the parties made an agreement to the same legal effect.

Plaintiff's cause of action was clearly barred when declared upon in the amended petition filed April 30, 1927, unless the statute was tolled by injunction or the agreement, as found by the trial court. The correctness of these findings is challenged by defendants, on the ground that they are wholly unsupported by evidence. We sustain this contention. The statement of facts fails to disclose either the issuance or service of a writ of injunction; in fact, plaintiff did not allege that an

438

injunction was issued or served, its allegations in this regard being that an application for injunction was filed, and, upon notice of such fact being given attorneys for plaintiff, the parties agreed to pass the case without prejudice, pending final disposition of the bankruptcy matter, but the statement of facts is also bare of any evidence as to the existence of such an agreement.

As these findings are not sustained by evidence, it follows that the operation of the statute was not interrupted, that judgment should have been rendered for defendants on their plea of limitation, and it is so ordered.

Reversed and rendered.